IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN J. RAY, JR.,

                   Plaintiff,

    vs.                                      No. CIV  05-950 WFD/LFG

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY et al.,

                   Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING IN PART AND DENYING IN PART
## PLAINTIFF'S MOTION TO COMPEL AND/OR EXTEND

THIS MATTER came before the Court on Plaintiff's Motion to Compel Defendants' Answers to Interrogatories and Requests for Production of Documents and/or to Extend Number of Interrogatories and Requests for Production of Documents Permitted by Court [Doc. 65]. The Court considered the motion, response and reply, and for the reasons stated hereafter denies Plaintiff's request in part and grants it in part.

The key dispute in this motion is Plaintiff John J. Ray, Jr.'s ("Ray") failure to comply with the discovery limitations imposed on him by the Federal Rules of Civil Procedure and the directives of this Court.

Specifically, after consideration of the parties' Provisional Discovery Plan and discussion concerning the claims, defenses and what was needed to prepare this case for trial, the Court assigned the case to a "standard" case management track with 150 days of discovery. Further, the Court authorized each party to serve a maximum of 50 interrogatories, which included sub-parts. In other words, each question asked would be counted as an interrogatory.

In establishing the 50-interrogatory limit, the Court gave the parties the benefit of the district's local rule which authorizes the Court to exceed the 25-interrogatory limitation contained in Fed. R. Civ. P. 33(a).  The Court also imposed a limit on the requests for production and requests for admission, authorizing each side to serve 50 of each.

Notwithstanding the Court's clear directive, when the sub-parts to the interrogatories are considered, Ray substantially exceeded the numeric limitation imposed by the Court.  This was true not only for the interrogatories, but for the requests for production as well.

## Limitations on Discovery

Prior to 1990 and the adoption of the Civil Justice Reform Act, 28 U.S.C. § 471 *et seq.*, parties and their respective attorneys were free to utilize the broad and liberal discovery which had been the hallmark of federal litigation.  United States v. Procter & Gamble Co., 356 U.S. 677, 682, 78 S.Ct. 983, 986-87 (1958)(The federal discovery rules are designed in part to "make a trial less a game of blind man's buff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent."), citing Hickman v. Taylor, 329 U.S. 495, 501, 67 S.Ct. 385, 388 (1947).  Most courts construing the federal discovery rules did so liberally so as to ensure that a litigant's right to discovery was broad and flexible.  Goldman v. Checker Taxi Co., 325 F.2d 853 (7th Cir. 1963); In re Folding Carton Antitrust Litigation, 76 F.R.D. 420 (N.D. Ill. 1977).

During these two decades, litigants experienced significant delays in getting their cases resolved due to docket congestion, abusive discovery practices and sky-rocketing litigation costs.

In commenting on the federal court's pre-1993 liberal rules of discovery, United States District Judge Raymond Acosta wrote in In re San Juan Dupont Plaza Hotel Fire Litigation, 859 F.2d 1007 (1st Cir. 1988), eloquently discussing the problems occasioned by broad and liberal discovery:

> The introduction of expansive pretrial discovery, Fed. R. Civ. P. 26-36, accelerated and enhanced this transmogrification. As lawyers became more adept at utilizing the liberalized rules, litigation became larger and more intricate: the joinder rule stimulated growth in the size and complexity of cases by the addition of parties and claims, and the discovery rules stimulated growth in the size and complexity of cases by multiplying the opportunities for pretrial work per party and per claim. Paper manufacturers sang hosannas.
>
> The combined effect of these changes was explosive. Lawsuits became increasingly more complicated, and the preparatory phases of these ever-more-complex actions took on a nightmarish quality: discovery swelled to unwieldly proportions in case after case, and often became prohibitively expensive.

Id. at 1011.

The concerns expressed by Judge Acosta were similar to the numerous complaints being voiced to the United States Congress. Ultimately, Congress responded to these national concerns by the adoption of the Civil Justice Reform Act of 1990. The CJRA sought to address the dual problems of expense and delay and directed active judicial oversight in the discovery process to ensure that parties have a full and fair opportunity to obtain information relevant to their claims and defenses, but do not use discovery for an improper purpose.

Later, the Judicial Conference, in significant revisions to the Federal Rules of Civil Procedure in 1993 and 2000, recognized that discovery was often used as a litigation tactic intended to bury an opponent with an avalanche of paper. As there were no numerical limitations on interrogatories or sub-parts, parties could serve wave after wave of written discovery. So, too, endless requests for production or requests for admission could be served. There were no limitations on the numbers of depositions, re-depositions or the length of depositions.

Significant limitations were placed on the discovery process. For example, the scope of discovery under Rule 26 was narrowed. The prior scope of discovery had been matters "relevant to

the subject matter involved in the pending action."   The more restrictive scope is now matters "relevant to the claims or defenses of any party."  *See* <u>United Oil Co. v. Parts Associates, Inc.</u>, 227 F.R.D. 404 (D. Md. 2005)(discussing effects of 2000 amendment).

The Advisory Committee Commentaries to Rule 26 indicate that the focus of discovery is the actual claims and defenses, and Rule 26 may not be used to develop new claims, theories or defenses, or be used for improper purposes.

The revised rules of civil procedure imposed major limitations on the discovery process. Parties are now required to automatically disclose and supplement at certain intervals basic information.  Rule 26(a)(c).  Automatic and detailed disclosures on expert opinions are now mandated.  Rule 26(a)(2).

Parties cannot even begin the discovery process until a court approves their provisional discovery plan, Rule 26(d), or until the parties conduct their own meet-and-confer session and formulate their own provisional discovery plan.  Rule 26(f).

Limitations were placed on the number of interrogatories and sub-parts.  Rule 33(a).  So, too, limitations were placed on the number of depositions that could be taken,  Rule 30(a)(2)(A), as well as the length of depositions.  Rule 30(d)(2).  Parties can no longer "re-depose" a witness without leave of court, and then only on a showing of good cause.  Rule 30(a)(2)(B).

On the heels of adoption of the Civil Justice Reform Act, this district adopted its own Civil Justice Expense and Delay Reduction Plan requiring that magistrate judges oversee the discovery process.  Thus, pursuant to the congressional mandate, a magistrate judge must consider the parties' proposed discovery plan to determine that it is fair and reasonable and calculated to allow the parties to obtain information relevant to the claims and defenses.  Limitations are imposed on the parties consistent with the congressional mandate and Federal Rules of Civil Procedure.

In this case, in accord with the Court's responsibility, a case management plan was imposed that set a numerical limitation on the number of interrogatories which exceeded the rule maximum of twenty five. The Court authorized a more liberal limitation of 50 interrogatories. This means 50 questions. When sub-parts are included in an interrogatory, the sub-part is considered a separate question.

Ray's interrogatories and sub-parts far exceed the numerical limitation imposed by the Court. Prior to serving these interrogatories, Ray neither sought nor obtained permission from the Court to exceed the numeric limitation. Neither did Ray seek or obtain permission to serve requests for production in excess of the numeric limitation imposed.

The case management plan adopted by the Court controls this litigation and can only be altered by the Court. The Court determines that Defendants' objections concerning numerosity of interrogatories and requests for production are sustained, as they exceed the numeric limitation imposed by the Court.

Ray seeks relief in the alternative and argues that more interrogatories should be authorized. The Court has significant discretion in this regard and concedes that Ray has made a case to exceed the limitation beyond the 50 questions originally authorized. The Court will therefore authorize Plaintiff to serve 10 additional interrogatories. As before, if any interrogatory has sub-parts, Defendants may count the sub-part as a separate interrogatory and need to answer only the first 10 questions. The Court will also authorize Ray to serve 10 additional requests for production.

The interrogatories and requests for production must be served within ten days and Defendants will have the standard response time to answer or object to the 10 new interrogatories and the 10 new requests for production.

*Lorenzo F. Garcia*

Lorenzo F. Garcia, Chief U.S. Magistrate Judge